IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VERLA BARNES,

               Plaintiff,

   v.                                        OPINION and ORDER

STATE OF WISCONSIN DEPARTMENT              18-cv-105-jdp
OF CORRECTIONS,

               Defendant.

---

Plaintiff Verla Barnes alleges that she was a probation and parole agent for defendant Wisconsin Department of Corrections from 1998 until 2016, when the department terminated her. Dkt. 1, ¶ 11. The department's stated reason for the dismissal was that Barnes filed a false report that she had been injured, but Barnes alleges that the department was retaliating against her for filing grievances about her treatment at work. *Id.*, ¶¶ 72, 78–79. She also alleges that the department treated her unfairly in multiple ways after she was injured on the job. *Id.*, ¶¶ 21, 25, 29, 31, 41, 46.

Two motions are before the court: (1) the department's motion to dismiss the complaint, Dkt. 13; and (2) Barnes's motion for leave to amend her complaint, Dkt. 16. For the reasons explained below, the court will deny the department's motion and grant Barnes's motion, but will give the department an opportunity to file a renewed motion to dismiss after Barnes clarifies the scope of her claims.

## ANALYSIS

The department's argument in its motion to dismiss is straightforward. Barnes says in her complaint that the department violated her rights under Title VII of the Civil Rights Act

of 1964, but her allegations do not support that conclusion. Title VII prohibits employment discrimination because of race, color sex, religion, and national origin or because an employee exercised her rights under Title VII, 42 U.S.C. §§ 2000e-2 and 2000e-3, and Barnes does not allege that type of discrimination in her complaint.

In her response, Barnes admits that her complaint doesn't state a claim under Title VII. But she says that the reference to Title VII was a "drafting error," Dkt. 18, at 2, and she asks for leave to file an amended complaint. Her proposed amended complaint includes the same factual allegations as her original complaint, but she adds citations to several statutes that she says the department violated, including the Rehabilitation Act, the Americans with Disabilities Act, the Family and Medical Leave Act, and the Fair Labor Standards Act. She does not explain in her proposed amended complaint or her brief how she believes the department violated any of these laws.

Both sides have ignored a well-established principle of federal civil procedure, which is that a plaintiff is not required to include legal theories in her complaint, so citing the wrong legal theory is no reason to dismiss her complaint. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346–47 (2014) (the federal rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted"); *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011) ("A complaint need not identify legal theories, and specifying an incorrect legal theory is not a fatal error."); *Hatmaker v. Memorial Medical Center*, 619 F.3d 741, 743 (7th Cir. 2010) ("[P]laintiffs in federal courts are not required to plead legal theories. Even citing the wrong statute needn't be a fatal mistake, provided the error is corrected in response to the defendant's motion for summary judgment and the defendant is not harmed by the delay in correction.") (citations omitted).

It is obvious from a review of the complaint that the citation in the complaint to Title VII was an error. So instead of filing a motion to dismiss on the last day for filing dispositive motions, the department should have simply asked Barnes to identify the correct legal theories. And instead of filing a request for leave to amend her complaint, Barnes should have filed a brief in which she explained why she believes she states a claim under the other statutes she cited. *Ridings v. Riverside Med. Ctr.*, 537 F.3d 755, 764 (7th Cir. 2008) ("Having specified the wrong done to her, a plaintiff may substitute one legal theory for another without altering the complaint.") (alterations and internal quotations omitted).

The question is what to do now. January 18 was the deadline for filing dipositive motions, so simply denying the department's motion to dismiss would deprive the department of a chance to challenge the legal sufficiency of Barnes's complaint. Because Barnes bears some of the responsibility for the mix up, the court will give the department an opportunity to file a renewed motion to dismiss as to the theories Barnes cites in her amended complaint, which the court will accept as the operative pleading. And so the department won't have to speculate as to Barnes's theory of the case, the court will direct Barnes to file a memorandum in which she explains how she believes the department violated the statutes she cited, taking care to cite the particular statutory provisions at issue.

If one or more of Barnes's claims survives a renewed motion to dismiss (or if the department chooses not to file one), the case will proceed to trial. It was the department's choice to wait to file a motion to dismiss until the deadline for filing dispositive motions, so the department has forfeited its right to seek summary judgment.

ORDER

IT IS ORDERED that:

1.  The motion to dismiss filed by the Wisconsin Department of Corrections, Dkt. 13, is DENIED.

2.  Plaintiff Verla Barnes's motion for leave to amend her complaint, Dkt. 16, is GRANTED.

3.  Barnes may have until February 12, 2019, to file a memorandum in which she explains how she believes the department violated her rights.

4.  The department may have until February 26, 2019, to file a renewed motion to dismiss.

Entered February 4, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge